(736 P.2d 78)
No. 59,054

JULIE C. CROOKS, Conservator for David A. Williams, and DAVID A. WILLIAMS, individually, *Appellants*, v. HORACE T. GREENE, M.D., and JANE C. STORMONT HOSPITAL AND TRAINING SCHOOL FOR NURSES, a Kansas non-profit corporation, *Appellees*.

—

Opinion filed January 29, 1987.

*Kevin Diehl* and *Eugene B. Ralston,* of Eugene B. Ralston and Associates, of Topeka, for the appellants.

*Jeffrey W. Jones* and *Thomas L. Theis,* of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, for the appellee Horace T. Greene, M.D.

*Wayne T. Stratton* and *Les E. Diehl,* of Goodell, Stratton, Edmonds & Palmer, of Topeka, for the appellee Jane C. Stormont Hospital and Training School for Nurses.

Before BRISCOE, P.J., REES and BRAZIL, JJ.

BRISCOE, J.: This is a medical malpractice case brought by plaintiff David A. Williams, through his conservator, against Dr. Horace Greene and Stormont-Vail Hospital. The trial court granted summary judgment in defendants' favor and plaintiffs appeal.

The sole issue on appeal is whether the trial court erred in granting summary judgment in favor of defendants based on plaintiffs' failure to obtain expert testimony to establish proximate cause.

Plaintiffs alleged the defendants were negligent in prescribing and dispensing Valium to plaintiff Williams and that this negligence was the proximate cause of Williams' cerebral damage. According to plaintiffs, Dr. Greene knew Williams was an alcoholic and therefore should not have prescribed Valium. Plaintiffs also alleged Stormont-Vail Hospital pharmacy was negligent in monitoring his Valium prescription.

In response to written interrogatories, plaintiffs stated they did not intend to present any expert testimony. After the close of discovery, the defendants moved for summary judgment and emphasized in their motions plaintiffs' failure to identify any expert who would testify regarding defendants' standard of care or causation. Defendants argued that plaintiffs were unable as a matter of law to establish either the governing standard of care or proximate cause without the aid of expert testimony. Plaintiffs countered that these issues were not technical or complex and were therefore within the common knowledge and experience of a jury. The trial court agreed with plaintiffs that the applicable standard of care could be established without expert testimony, but disagreed on the issue of proximate cause. With the following language, the trial court concluded that proximate cause

could not be resolved by a jury without the benefit of expert testimony, and granted summary judgment:

"4. Under the facts of plaintiff's case, it would also appear that the PDR [Physician's Desk Reference] and manufacturer's warning label are insufficient to establish causation. Neither the warning label or the PDR gave specific warnings of the resulting hazards in the event the instructions and warnings were not followed. Additionally, this clearly is not a case where the causation factor can be determined through the common experience of mankind. Williams had a pre-existing condition of phlebitis which could have also contributed to his development of cerebral damage. The trier of fact cannot, without the aid of expert testimony, draw accurate conclusions on causation from the PDR or warning label. The effects of drugs on an individual's body are too complex and not within the common knowledge and experience of mankind to permit the jury to determine without the aid of an expert.

"By reason of the foregoing, we conclude that defendants' motions should be sustained and this case is hereby dismissed."

The rules which govern the granting of a motion for summary judgment are well settled. A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." K.S.A. 60-256(c). The burden is on the moving party to demonstrate that no genuine issue of material fact exists when the record is viewed in a light most favorable to the nonmoving party. See *Farmers State Bank & Trust Co. of Hays v. City of Yates Center*, 229 Kan. 330, 341-42, 624 P.2d 971 (1981). Contrary to plaintiffs' assertion, this does not mean the defendants, the moving parties here, had to prove in their summary judgment motions that they were *not* negligent. Defendants were entitled to prevail if they could establish that there was an absence of evidence to support plaintiffs' case. As stated by the United States Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L. Ed. 2d 265, 273-74, 106 S. Ct. 2548 (1986), when analyzing the import of Rule 56(a,) (b), and (c), Fed. R. Civ. Proc., which mirror the language of K.S.A. 60-256(a), (b), and (c):

"In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material

fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. . . .

"[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. On the contrary, Rule 56(c), which refers to 'the affidavits, *if any*' (emphasis added), suggests the absence of such a requirement. And if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b), which provide that claimants and defendants, respectively, may move for summary judgment *'with or without supporting affidavits'* (emphasis added). The import of these subsections is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose."

*Cf. Willard v. City of Kansas City,* 235 Kan. 655, 681 P.2d 1067 (1984).

Turning to the present case, expert testimony is ordinarily required in medical malpractice cases to establish the standard of care and to prove causation. An exception to this rule is recognized, however, where the lack of reasonable care or the existence of proximate cause is apparent based on common knowledge or experience. *Webb v. Lungstrum,* 223 Kan. 487, 490, 575 P.2d 22 (1978); *Mellies v. National Heritage, Inc.,* 6 Kan. App. 2d 910, 917, 636 P.2d 215 (1981). See Annot., 13 A.L.R.2d 11, § 5; 61 Am. Jur. 2d, Physicians, Surgeons, Etc. §§ 348, 350. In the present case, plaintiffs relied entirely on the common knowledge exception and responded to defendants' summary judgment motions by asserting no medical expert testimony was needed to establish plaintiffs' claims of negligence. We have then in this case not a failure by the nonmoving parties to counter affidavits filed by the moving parties, but rather the exercise by the nonmoving parties of a conscious legal decision to assume the position that expert testimony was not required to establish their claims. This left for the trial court the legal issue of whether the plaintiffs' claims fell within the common knowledge exception and expert testimony was not required, or

whether the claims were beyond the exception and required expert testimony. If plaintiffs were wrong in their assertion that expert testimony was not needed, their claims failed for lack of evidence because they had not identified any expert testimony to support their claims either in discovery or in their response to the summary judgment motions.

Our review of the Valium warning insert supports the conclusion of the trial court that causation could not be determined in the case without the use of expert testimony. While the insert warns physicians to be cautious in administering Valium to alcoholics, there is nothing in the insert which indicates that cerebral damage or any injury for that matter will result from the misuse of Valium and alcohol. The Physician's Desk Reference 1519 (1986) contains essentially the same information.

On appeal, plaintiffs do not dispute the trial court's reasoning but instead attempt to argue for the first time that the trial court should have permitted causation to be established at trial through its examination of defendants and other treating physicians. This argument is not persuasive. First, it is well settled that matters not presented to the trial court may not be raised for the first time on appeal. *Lostutter v. Estate of Larkin*, 235 Kan. 154, 166, 679 P.2d 181 (1984); *Broadway Nat'l Bank v. G & L Athletic Supplies, Inc.*, 10 Kan. App. 2d 43, Syl. ¶ 1, 691 P.2d 400 (1984), *rev. denied* 236 Kan. 875 (1985). Or conversely, plaintiffs cannot now recant the position they took in response to the summary judgment motions. Second, a party cannot avoid summary judgment on the mere hope that something may develop later during discovery or at trial. *Johnston v. Farmers Alliance Mutual Ins. Co.*, 218 Kan. 543, Syl. ¶ 1, 545 P.2d 312 (1976); *Meyer, Executor v. Benelli*, 197 Kan. 98, 100, 415 P.2d 415 (1966). Plaintiffs had every opportunity to depose Dr. Greene or other witnesses in order to establish their theory of causation but failed to do so. According to Dr. Greene, plaintiffs failed to elicit any testimony from him at deposition which could establish causation. Dr. Greene's deposition has not been supplied on appeal. Stephen Anderson, a pharmacist at Stormont-Vail, was also deposed. His only testimony concerning causation was as follows:

"Q. And can that [the combination of alcohol and Valium] cause any particular damage? I mean have you studied what damage can be caused by that?

"A. I am aware of the damage it can cause.
"Q. Tell me?
"A. It was in the papers just last month.
"Q. Tell me what damage can be caused?
"A. The Quinlan, was that her name?
"Q. Karen Ann Quinlan?
"A. Karen Ann Quinlan.
"Q. Can cause cerebral damage, can it not?
"A. Yes."

Anderson, however, was not qualified as a medical expert and his general remarks fail to establish any evidence that Williams' injury was caused by the combined use of Valium and alcohol. Further, if plaintiffs intended to use Dr. Greene or Williams' treating physicians as experts to establish causation, they had a duty to supplement the interrogatory responses to include these experts, to list these experts pursuant to the discovery conference order, and to state this change of position in their response to the summary judgment motions. The trial court correctly concluded the defendants were entitled to judgment as a matter of law.

Another matter requires brief mention. Pursuant to a scheduling order, the court had scheduled a date for oral argument on all pending motions. Plaintiffs contend the court's ruling on the defendants' summary judgment motion before the date scheduled for oral argument on the motions precluded the plaintiffs from the opportunity to inform the court in response to the summary judgment motions that the plaintiffs intended to rely on the plaintiffs' treating physicians and also the defendants to establish causation. Although it may have been a better practice for the trial court, prior to its ruling, to have notified counsel of its intention to rule on the motion without benefit of the scheduled argument, the plaintiffs had numerous opportunities in responses to interrogatories (including supplementation), the discovery conference order, and defendants' motions for summary judgment to notify the court of any intended change of strategy.

Affirmed.