Wanda MacTAVISH

v.

**RHODE ISLAND HOSPITAL.**

No. 2000–504–Appeal.

Supreme Court of Rhode Island.

April 19, 2002.

Peter P. D'Amico, Providence, for Plaintiff.

Alan R. Tate/Rebecca N. Warr, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff in this negligence action, Wanda MacTavish, appeals from the grant of summary judgment in favor of the defendant, Rhode Island Hospital. She contends that the trial justice erred in granting the hospital's motion because, although she stipulated that she did not plan to introduce any medical expert testimony at trial to establish the hospital's standard of care, she contends such testimony was unnecessary because her claim involved only a simple slip-and-fall negligence action rather than a medical malpractice action.

The record reveals that Wanda MacTavish (the plaintiff) had a history of exertional chest pain and shortness of breath. On October 23, 1993, at approximately 11:30 a.m., the plaintiff went to Rhode Island Hospital (the defendant) as an outpatient for a scheduled Persantine Thallium Stress Test (the test) to be performed as part of a pre-operative cardiac assessment prior to surgery for spinal stenosis. Before the test was conducted, a duty nurse conducted a pre-procedure assessment to determine the plaintiff's ability to undergo the test. The nurse subsequently determined that the plaintiff was fit enough to undergo the stress test that day, and the test began at approximately 1 p.m.

The particular test that the plaintiff was scheduled to undergo consisted of two phases. The initial phase measured blood flow under simulation of exercise; the second phase measured blood flow after several hours of rest. The initial phase of the test was conducted without incident. Because the second phase was not scheduled for several hours later, and since the plaintiff, as instructed, had not eaten during the three hours that preceded the first phase of her test, the nurse suggested that she might want to go to the cafeteria for something to eat. The plaintiff did not request any ambulatory assistance at that time,[1] and walked alone to the cafeteria without incident.

On her return, she slipped and fell near the elevators for no discernible reason. She subsequently commenced the instant civil action against the defendant hospital, asserting that its employees were negligent in allowing her to leave the hospital testing site without providing her with ambulatory assistance, despite having been made aware of her medical condition.

Before trial, the plaintiff stipulated that she did not intend to present any medical expert testimony at trial. The defendant then moved for summary judgment asserting that such testimony was necessary to establish the required standard of care in this particular medical malpractice action. The plaintiff countered that medical expert testimony was not required because the negligence issue concerned only whether hospital personnel were duty bound to provide ambulatory assistance for the plaintiff if she elected to go to the hospital cafeteria to eat, and whether that duty had been breached. Those issues, the plaintiff contended, were within a layman's common knowledge and did not involve any issues of medical malpractice.

At the summary judgment motion hearing, counsel for the plaintiff asserted that the hospital provided ambulatory services for those who needed assistance in ambulating and the duty nurse, who was aware of the plaintiff's medical condition knew, or should have known, that she needed help in ambulating, negligently failed to provide the plaintiff with such assistance. The

---

1. The plaintiff's counsel asserts that both the plaintiff and her son previously informed the nurse that she had difficulty ambulating and that she needed assistance in doing so. For the purpose of the summary judgment motion, the defendant accepted these allegations as true.

hearing justice granted the defendant's summary judgment motion, determining that medical expert testimony was necessary to prove not only the defendant hospital's duty of care but also the breach, if any, thereof. The plaintiff now appeals.

Following a pre-briefing conference, the parties were ordered to appear and show cause why the issue raised in this appeal should not be summarily decided. They did appear, but failed to show cause. Accordingly, we proceed to summarily decide the plaintiff's appeal.

■■■ We have stated previously that "tortious conduct based upon professional services that were rendered or which should have been rendered by a hospital is included within the definition of malpractice." *Vigue v. John E. Fogarty Memorial Hospital*, 481 A.2d 1, 3 (R.I.1984). In a medical malpractice action, as in any other negligence action, "a plaintiff must 'establish a standard of care as well as a deviation from that standard.'" *Boccasile v. Cajun Music Ltd.*, 694 A.2d 686, 689 (R.I. 1997) (quoting *Sousa v. Chaset*, 519 A.2d 1132, 1135 (R.I.1987)). Since "the alleged negligence involves the professional skill and judgment of a nurse, expert testimony must be presented to establish the prevailing standard of care, a breach of that standard, and that the nurse's negligence, if any, was the proximate cause of the patient's injury." *Id.* at 690 (quoting *Ramage v. Central Ohio Emergency Services, Inc.*, 64 Ohio St.3d 97, 592 N.E.2d 828, 834 (1992)). That is because "when there is no medical order requiring a certain type of treatment or precaution, it becomes a question of proper nursing practice and care * * * [and][e]xpert testimony is needed to establish the degree of 'care, skill and diligence' used by similarly situated health care providers in the same general line of practice.'" *Id.* (quoting

*Leonard v. Providence Hospital*, 590 So.2d 906, 908 (Ala.1991)).

■■■ We have reviewed the record of the summary judgment before us and conclude from our *de novo* review[2] that, in the absence of any specific hospital order or existing duty requiring the hospital nurse to have provided ambulatory assistance to the plaintiff, expert opinion was necessary to establish both the hospital's duty of care and a breach of that duty by the nurse to sustain the plaintiff's action. That duty of care, and any breach thereof, was not something that readily would have been obvious or discernible by an ordinary lay person without the assistance of expert opinion evidence. In light of plaintiff counsel's stipulation that the plaintiff would not be presenting any such expert testimony, any trial thereafter would be nothing more than an exercise in futility; thus, the hearing justice did not err in granting the defendant hospital's motion for summary judgment.

For the foregoing reasons, the plaintiff's appeal is denied and dismissed and the summary judgment is affirmed. The case papers are remanded to the Superior Court.