No. 94,667

SANDRA TROUTMAN, LARRY GALES, and GERALD CROOKS, *Appellants*, v. JEFFREY CURTIS, M.D.; STORMONT VAIL HEALTHCARE, INC.; and PERCLOSE, INC., *Appellees*.

(185 P.3d 930)

Opinion filed June 20, 2008.

*J. Todd Hiatt*, of Ralston, Pope & Diehl, L.L.C., of Topeka, argued the cause, and *Eugene B. Ralston* and *Kevin L. Diehl*, of the same firm, were with him on the briefs for appellants.

*Donald Patterson*, of Fisher, Patterson, Sayler & Smith, LLP, of Topeka, and *Brian J. Mooney*, of Gordon & Rees LLP, of San Francisco, California, argued the cause and were on the briefs for appellees.

The opinion of the court was delivered by

BEIER, J.: Plaintiffs Sandra Troutman, Larry Gales, and Gerald Crooks brought this action after they suffered complications arising out of cardiac catheterization procedures. We accepted their petition for review of the Court of Appeals' decision affirming the district court's summary judgment in favor of defendant Perclose, Inc. (Perclose), the maker of the suturing device used in plaintiffs' procedures.

After this court heard oral argument in April 2007 in this case, the United States Supreme Court granted *certiorari* in *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 169 L. Ed. 2d 892, 128 S. Ct. 999

(2007). That case involved a preemption defense identical to that raised by Perclose in this case, *i.e.*, successful pursuit of and compliance with the premarket approval process of the Food and Drug Administration (FDA) means state tort law claims arising out of use of an approved device are subject to federal preemption under the Medical Device Amendments of 1976, 21 U.S.C. § 360c *et seq.* (2000), of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.* (2000).

We then issued an Order to Show Cause to the parties in this case, directing them to demonstrate why a decision in this case should not be held pending the filing of a decision in *Riegel*. The parties' responses to the order agreed that our decision should be held.

On February 20, 2008, the Supreme Court ruled 8-1 in *Riegel* that the premarket approval process (PMA) used by Perclose for the suturing device at issue here leads to federal preemption of state tort claims challenging the safety and effectiveness of the device because the claims are based on requirements different from or in addition to those set out by federal law. See *Riegel*, 552 U.S. at 323-30, 21 U.S.C. § 360k(a)(1).

The district court and the Court of Appeals had relied on such preemption to dispose of plaintiffs' entire case. Under these circumstances, the only question remaining for our decision is whether plaintiffs have already pursued or may still pursue any claim that Perclose failed to meet the FDA's requirements under the "rigorous" PMA process. See *Riegel*, 552 U.S. at 317. The Supreme Court recognized, and the parties before us wisely agree, that such a claim would not be preempted. See *Riegel*, 552 U.S. at 330 (preemption provision in § 360k(a)(1) does not prevent state from providing damages remedy for claims premised on violation of FDA requirements; such state duties parallel, rather than add to, federal requirements).

This court's standard of review on appeal from summary judgment is a familiar one:

    " ' "Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. In order to preclude summary judgment, the facts subject to the dispute must be material to the conclusive issues in the case. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied." [Citation omitted.]' " *Nungesser v. Bryant*, 283 Kan. 550, 566, 153 P.3d 1277 (2007).

When relevant facts are uncontroverted, we review summary judgment de novo. *Klein v. Oppenheimer & Co., Inc.*, 281 Kan. 330, Syl. ¶ 7, 130 P.3d 569 (2006).

In this case, plaintiffs' petition alleged only that Perclose had been "negligent in its design, testing, inspection, manufacturing, sale, [and] warning post and pre-sale" of its suturing device and that Perclose was strictly liable for plaintiffs' injuries.

Perclose directs our attention to one of the interrogatories it propounded to plaintiff Troutman, which asked: "Is it contended that the incident alleged in the petition was caused in whole or in part by a violation of a statute, regulation or code provision? If so, state: . . . [t]he specific manner in which it is alleged that each such provision was not complied with or violated." After lodging an objection that the question would be better directed to an expert, Troutman replied:

"[W]e believe that there was a bacterial infection acquired by not following [Joint Commission on Accreditation of Healthcare Organizations] guidelines and/or [Centers for Disease Control] guidelines set forth for handling infectious disease and/or guidelines set forth by Stormont Vail HealthCare, Inc. for handling infectious disease. These will include state and federal regulations."

Perclose filed its motion for summary judgment, arguing that "each and every count directed against this defendant is federally preempted by the Medical Device Amendments, 21 U.S.C. Section 360k(a)." Plaintiffs, for purposes of the motion, partially controverted only one paragraph of the uncontroverted facts alleged by Perclose: "24. The design of the [suturing device] was approved by FDA as safe and effective." Plaintiffs' response read: "Plaintiff does not controvert Statement 24 to the extent that FDA approval of a

medical device under the PMA procedure only assures a bare minimum of safety and effectiveness and is not intended to supplant liability for negligence or other wrongdoing." Plaintiffs then responded to Perclose's legal argument on preemption and asserted that federal law had no impact on any claim that Perclose

"failed to comply with the design, manufacturing process, and warning labels the manufacturer submits to the FDA. If these issues are approved by the FDA, the manufacturer must abide by them or face potential liability. . . .

"Discovery in this case is not yet complete. Plaintiff has received only some of the documentation regarding FDA approval of the [suturing device] and expects to request and acquire much more as discovery continues. Plaintiff expects to receive training guidelines, treatment protocols, and other similar materials through discovery, and we do not yet know if Defendant Perclose or the other defendants in this case complied with these guidelines and protocols. Therefore, even if this Court should [agree with Perclose's preemption argument], [s]ummary [j]udgment is inappropriate at this point. Plaintiff[s'] claim for negligence includes the potential failure of Perclose to comply with the guidelines as submitted to and which were approved by the FDA."

It appears undisputed that whatever expert disclosure and discovery deadlines were set by the district court, they had not passed at the time Perclose filed its motion. The record on appeal contains no final pretrial conference order.

The district court issued its Memorandum Decision and Order, ruling in favor of Perclose on the preemption issue on August 13, 2004. The same day, plaintiffs filed a response to Perclose's earlier reply in support of the motion. For the first time, in the August 13 response, plaintiffs also advanced an argument under Kansas notice pleading that the broad language of their petition should be understood to encompass a claim that Perclose failed to comply with FDA requirements.

On August 18, 2004, the district court sent a letter to the parties, upholding the August 13 ruling. It also rejected a motion for reconsideration filed by plaintiffs, which had included the following:

"The Court has apparently dismissed Plaintiffs' negligence ,claim that was premised on the failure of Defendant Perclose to follow applicable federal and state guidelines. Plaintiffs filed a negligence claim in conformity with the notice-based pleading standards required by the State of Kansas. . . . [Plaintiffs seek] to complete discovery in this case in order to fully explore the contours of this claim, which is the role of discovery in a notice-based pleading system. Accordingly,

Plaintiffs protest again that Defendant Perclose's Motion for Summary Judgment was prematurely sought and granted on this specific claim."

On appeal to the Court of Appeals, plaintiffs concentrated their efforts primarily on reversal of the district court's preemption decision, but they continued to insist that the language of their petition included a claim that Perclose had failed to abide by FDA requirements. They also continued to assert that they should be permitted to return to district court for further discovery and trial on the merits of any such claim.

Perclose, for its part, argued that the petition contained no such claim, that plaintiffs could not defend a summary judgment motion by recasting their preempted state tort claims as a parallel claim not subject to preemption, and that plaintiffs had already had more than enough time in which to conduct discovery. Indeed, Perclose asserted that the district court judge had made a factual finding that plaintiffs "had ample time to conduct discovery." It cited no page in the record to support the existence of this finding, and our review of the district court's Memorandum Decision and Order and its follow-up letter ruling have not uncovered it.

The Court of Appeals panel rejected plaintiffs' arguments on all issues. Although it stated incorrectly that plaintiffs had never mentioned a claim that Perclose had violated FDA standards until they moved for reconsideration of the district court's decision, it is plain that this factual error would not have affected its decision. Even if the claim had been pleaded adequately, the panel held, it could not have survived summary judgment because plaintiffs had failed to come forward with any evidence to support it. The panel noted that "[a] party cannot avoid summary judgment on the mere hope that something may develop later during discovery or at trial." *Troutman v. Curtis*, 36 Kan. App. 2d 633, 652, 143 P.3d 74 (2006) (citing *Crooks v. Greene*, 12 Kan. App. 2d 62, 66, 736 P.2d 78 [1987]).

Plaintiffs' petition for review to this Court took issue only with the Court of Appeals' ruling on the preemption issue. We granted the petition without limitation. Under Supreme Court Rule 8.03(g)(1) (2007 Kan. Ct. R. Annot. 63):

"The order granting review may limit the questions on review. If review is not limited, the issues before the Supreme Court include all issues properly before the Court of Appeals that the petition for review or cross-petition allege were decided erroneously by the Court of Appeals. In civil cases, the Supreme Court may, but need not, consider other issues that were presented to the Court of Appeals and that the parties have preserved for review."

It is thus within our discretion whether we consider the continuing viability of plaintiffs' claim that Perclose violated FDA requirements. We exercise that discretion in favor of our review.

We address first whether any claim that Perclose violated FDA requirements was pleaded before the motion for summary judgment was filed. In our view, the petition was minimally adequate to leave this avenue to relief open. We agree with Perclose that the interrogatory response to which it has directed us undercuts plaintiffs' generous interpretation of the petition. However, the response deals with only one of the plaintiffs, and, as their counsel argued orally before us, it was subject to later supplementation at the time Perclose's motion for summary judgment was filed.

We next turn to whether plaintiffs kept their vague allegation of Perclose's violation of FDA requirements alive after the motion for summary judgment was filed. K.S.A. 60-256(f) specifically contemplates situations in which a district court may "refuse" a summary judgment motion or "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had," when a nonmoving party has so far been unable to marshal evidence to support its position. This is, in essence, what plaintiffs were seeking when they argued that discovery was incomplete and might yet uncover facts to undergird its parallel claim that Perclose violated FDA requirements. Plaintiffs did not ask explicitly for additional time under K.S.A. 60-256(f) or submit affidavits, as that subsection contemplates; but they did argue in their first response to Perclose's motion that discovery was still open, and they controverted the single allegation of uncontroverted fact necessary to fan the feeble flame of their only claim not subject to preemption.

All of this being said, the district court was not bound to see things plaintiffs' way. K.S.A. 60-256(f) provides only that the court "may" permit additional discovery, allowing a nonmoving party

more time to develop its defense to summary judgment. This language compels the conclusion that our standard of review of such a district court decision is abuse of discretion. *Cf. Gragg v. Wichita State Univ.*, 261 Kan. 1037, 1061-62, 934 P.2d 121 (1997).

Under the circumstances of this case, we cannot say that the district court's decision to grant summary judgment without further discovery was an abuse of discretion. Plaintiffs' allegation that Perclose had violated FDA requirements remained only that—an allegation. Reasonable persons could certainly conclude that plaintiffs should not be permitted additional time to build a case. Our reasoning may differ somewhat from that of the district court and the Court of Appeals, but we hold that their shared result is sound.

Affirmed.

NUSS, ROSEN, and JOHNSON, JJ., not participating.

BRAZIL, S.J., LARSON, S.J., and LOCKETT, J., Retired, assigned.