NOT DESIGNATED FOR PUBLICATION

No. 115,360

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JESSECA PATTERSON,
*Appellant*,

v.

KAYCE CLOUD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Opinion filed March 10, 2017. Affirmed.

*Jeremiah Johnson*, of The Law Office of Jeremiah Johnson, of Olathe, for appellant.

*Brette S. Hart* and *Matthew W. Greenberg*, of Harris & Hart, L.L.C., of Leawood, for appellee.

Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.

*Per Curiam*:  This personal injury lawsuit is on appeal for a second time. Jesseca Patterson filed a negligence action against Kayce Cloud after they were involved in a motor vehicle collision. Based solely on the attorneys' arguments at a pretrial hearing, the district court granted Cloud's motion for directed verdict after Patterson's attorney stated she did not intend to offer expert medical testimony on causation at trial. We reversed, holding there was no legal or evidentiary basis for granting judgment as a matter of law. On remand, the case proceeded to trial but did so based solely on Patterson's proffered testimony. After hearing Patterson's proffer, the district court again granted Cloud's motion for directed verdict. Specifically, the court ruled that Patterson's medical records

1

and medical bills were inadmissible in the absence of expert testimony linking the medical treatment she received to the collision with Cloud as opposed to a prior wreck. Without the medical records and medical bills, the court concluded that Patterson could not prove damages, which is an essential element of negligence. Absent the ability to establish an essential element of Cloud's negligence claim, the district court granted her motion for directed verdict. On appeal, Patterson argues the district court erred by entering judgment in Cloud's favor.

FACTS

On September 10, 2010, Patterson and Cloud were involved in a two-car collision in Johnson County, Kansas. Patterson filed a negligence action against Cloud, alleging permanent and painful injuries to her back, torso, neck, and head as a result of Cloud's negligence. Patterson also claimed she suffered lost wages due to the wreck. Cloud answered, admitting that the wreck was solely and proximately caused by her negligence but denying that any of Patterson's claimed injuries were caused by the collision.

Before trial, the parties stipulated that Patterson had incurred $29,754 in expenses for medical treatment after the wreck. Cloud explicitly declined, however, to stipulate that any of this medical treatment was reasonable, necessary, or causally related to the collision. In a nonevidentiary hearing held a few days before the scheduled trial, Cloud's attorney specifically asked the district court to require that Patterson provide medical expert testimony to prove her injuries were caused by the collision with Cloud. In support of this request, Cloud's attorney alleged Patterson had been involved in a prior car wreck which resulted in serious injury and complaints similar to those she asserted after the wreck with Cloud. In response, Patterson's attorney stated his intention to have Patterson testify that her injuries were caused by the collision and not the result of preexisting conditions, that her medical care was reasonable and necessary to treat her injuries, and that her bills for the medical care were reasonable. Patterson's attorney also indicated that

2

Patterson's husband and friends would testify that her previous complaints involved minor aches and pains and the injuries at issue were directly related to the wreck with Cloud.

After considering the arguments of counsel, the district court concluded that Patterson's history of preexisting injuries required her to provide medical expert testimony to prove her injuries were caused by the current collision with Cloud. Because Patterson was not going to present medical expert testimony at trial, the district court directed a verdict in favor of Cloud.

On appeal, a panel of this court reversed, holding that the district court erred by directing a verdict in favor of Cloud prior to trial. The panel concluded that even if there had been a legal basis for granting judgment as a matter of law prior to trial, the record—consisting only of arguments of both attorneys—did not support entering judgment in favor of Cloud. *Patterson v. Cloud*, No. 111,083, 2014 WL 6676176, at *4-5 (Kan. App. 2014) (unpublished opinion).

On remand to the district court, the case was scheduled for jury trial and the parties entered into a revised pretrial order. In the order, Cloud reasserted her position that in the absence of supporting expert medical testimony, Patterson should be precluded from testifying about the cause of her injuries and the necessity and reasonableness of her medical treatment. To that end, Cloud specifically reserved the right to challenge the admissibility of Patterson's medical records and bills:

> "The parties have stipulated to the admission into evidence of business records under
> K.S.A. 60-460(m), without the necessity of foundation testimony as to authenticity, so
> long as such records have been provided to opposing counsel prior to trial, the Plaintiff's
> medical records and billings, with the parties reserving the right to raise proper objections
> to the contents of those documents, including relevance and hearsay within a document.
> Objections to any document related to lack of causation are specifically not waived."

3

The case proceeded to trial. Before opening statements, Cloud reasserted her objection to admission of Patterson's medical records and bills in the absence of expert medical testimony to establish causation, necessity, and reasonableness. Outside the presence of the jury, Patterson proffered her testimony regarding liability and damages, claiming that her medical treatment was caused solely by the wreck with Cloud. A transcript of the jury trial is not included in the record on appeal and, more importantly, neither are the medical records or the medical bills that Patterson apparently intended to introduce into evidence. According to the district court's journal entry, Patterson testified, over Cloud's continuing objection, as follows:

"(1)    She went to an urgent care facility with her passenger Natalie Cary shortly after the crash, solely for the purpose of treating her injuries from the crash;

"(2)    The records and bills from the facility demonstrated that she was there to treat her injuries from the crash. Ms. Patterson also offered the records into evidence;

"(3)    She was referred to her primary care physician, Dr. Sequita Richardson, M.D., by the urgent care staff;

"(4)    She went to the St. Luke's East's emergency room 5 days after the crash due to her injuries from the crash, solely for treatment relating to the crash;

"(5)    The records and bills from St. Luke's East demonstrated that her treatment was due to the crash, specifically noting that the records stated 'you are being evaluated for injuries you received in a motor vehicle collision.';

"(6)    She saw Dr. Sequita Richardson, her primary care physician who provided treatment and wrote prescriptions related to the crash. Ms. Patterson stated that the records and bills from her primary care physician demonstrated that her treatment was a result of the crash and she offered Dr. Richardson's office's records and bills into evidence;

"(7)    Her primary care physician referred her to get an MRI at Ramic Medical Imaging. Ms. Patterson offered her bills and records into evidence, including, a prescription from Dr. Richardson;

"(8)    Her primary care physician referred her to physical therapy at ETC Physical Therapy. Ms. Patterson offered her ETC Physical Therapy bills and records into evidence, including a notation from Dr. Richardson directing her to ETC;

4

"(9)     Her primary care physician referred her to KC Pain Center for treatment related to the crash. Ms. Patterson offered her KC Pain Center bills and records into evidence, including a narrative stating that she went to KC Pain Center 'at the request of Dr. Richardson.';

"(10)    Ms. Patterson testified that the records and bills established that her treatment at those facilities was due to the crash and also showed that she was referred to those facilities by Dr. Richardson; and

"(11)    Dr. Richardson referred Ms. Patterson to Abundant Life Chiropractic after she had finished physical therapy at ETC for treatment related to the collision. Ms. Patterson offered her bills and records from Abundant [L]ife into evidence after testifying her treatment there was solely related to the collision.

"(12)    Testimony was elicited from Ms. Patterson during cross-examination of prior injuries of a similar nature and degree suffered in prior car collisions or during other activities, which raises the issues of pre-existing injury and whether the Plaintiff can establish a causal link between the injury suffered and this particular collision. Defendant's counsel stated that, at trial, she would go through all the prior injuries and medical treatment, as was outlined in the medical records that became part of the record during the proffer."

Following these proffers, Cloud moved for a directed verdict in her favor on grounds that Patterson's failure to present any expert medical testimony on causation, necessity, and reasonableness rendered her unable to establish the essential elements of negligence as a matter of law. After hearing argument from counsel, the district court agreed. In its journal entry of judgment, the court provided the following statement in support of its decision:

"[T]here is insufficient evidence of reasonableness and necessity of the medical billings and the medical treatment provided. Kansas law requires expert testimony as to causation linking the medical treatment received with the claimed medical bills. Due to the lack of expert testimony providing the required causation evidence linking the treatment to the accident, the medical records and bills would not be admitted at trial. With no medical records and bills being admitted, there would be no damages proved at the end of [Patterson's] case. Without evidence of any damage sustained by [Patterson], a verdict

5

would not be returned in favor of [Patterson] and Directed Verdict in favor of [Cloud] shall be granted."

## ANALYSIS

The parties frame the issues differently, but their arguments generally focus on two key questions: (1) whether expert testimony is required to prove the cause of Patterson's injuries, the need for Patterson's medical treatment, and the reasonableness of Patterson's medical bills and (2) whether Patterson is precluded by the hearsay rule from introducing her medical records and her medical bills into evidence in the absence of supporting medical testimony.

The statute used by the district court to grant Cloud's motion for directed verdict is K.S.A. 2016 Supp. 60-250(a)(1), which provides:

> "(a) *Judgment as a matter of law.* (1) *In general.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) Resolve the issue against the party; and
> (B) grant a motion for a judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

As a matter of semantics, directed verdict is merely the former name for judgment as a matter of law. The legislature began using the new term in 1997. See L. 1997, ch. 173, sec. 26; *Stover v. Superior Industries Int'l, Inc.*, 29 Kan. App. 2d 235, 237, 29 P.3d 967 (2000).

When ruling on a motion for judgment as a matter of law, the district court is required to resolve all facts and inferences that may reasonably be drawn from the

6

evidence in favor of the party against whom the ruling is sought. Where reasonable minds could reach different conclusions based on the evidence, the motion must be denied. The appellate court must apply a similar analysis when reviewing the grant or denial of a motion for judgment as a matter of law. *Siruta v. Siruta*, 301 Kan. 757, 766, 348 P.3d 549 (2015).

In a negligence action, a plaintiff carries the burden of proving four elements: (1) a duty owed to the plaintiff by the defendant, (2) a breach of that duty, (3) causation between the breach of the duty and injury to the plaintiff, and (4) damages suffered by the plaintiff. *Shirley v. Glass*, 297 Kan. 888, 894, 308 P.3d 1 (2013). An automobile driver generally owes the duty to act as would a reasonably prudent driver. *Siruta*, 301 Kan. at 766. Here, there is no dispute that the first two elements of negligence are met because Cloud admitted that she was at fault in the collision. Thus, in order for Patterson to have a submissible case against Cloud for the jury to resolve, Patterson must have proffered evidence from which the jury could conclude that Cloud's breach caused Patterson's injuries and damages. See *Hale v. Brown*, 287 Kan. 320, 322, 197 P.3d 438 (2008); *Nold v. Binyon*, 272 Kan. 87, 103-04, 31 P.3d 274 (2001). In her proffer, Patterson said she would testify about the wreck that occurred, the injuries she sustained, the medical treatment provided to her, and the medical bills she received. Patterson also stated in her proffer that she intended to introduce into evidence all of the medical records and the medical bills related to the medical treatment she was provided to treat the injuries she sustained as a result of the collision.

But the district court ruled that Patterson's failure to provide expert testimony on the issue of causation to link the wreck to the medical treatment provided to her rendered the medical records and the medical bills inadmissible. Although the district court did not provide its reasons for deeming the medical records and medical bills inadmissible, the court cited *Cansler v. Harrington*, 231 Kan. 66, 69, 643 P.2d 110 (1982), in conjunction with its ruling for the legal proposition that "foundation must be laid establishing the

competency, materiality and relevancy of all evidence prior to admission." The quoted language from *Cansler* leads us to conclude that the decision to exclude the evidence was based on the district court's finding that, without expert testimony on the issue of causation to link the wreck to a need for the medical treatment received, neither the medical records nor the medical bills were material or relevant.

This brings us then to the first key question presented by the parties on appeal: whether expert testimony is required to prove the cause of Patterson's injuries and, in turn, a need for the medical treatment provided to Patterson. Significant to both Cloud's argument and the district court in its ruling on this issue was the information in Patterson's proffer stating she had suffered prior injuries of a similar nature and degree as the present soft-tissue complaints she claimed in the present wreck. An evidentiary proffer was made by Cloud's counsel at this point, stating she intended to confront Patterson at trial about her prior injuries and medical treatment in order to show the jury that Patterson's injuries were preexisting and not caused by the collision with Cloud.

Our Supreme Court explained the rules about proximate causation in *Hale*, 287 Kan. at 322:

> "The proximate cause of an injury is the cause that in a natural and continuous sequence, unbroken by any superceding cause, both produced the injury and was necessary for the injury. The injury must be the natural and probable consequence of the wrongful act. [Citation omitted.] Individuals are not responsible for all *possible* consequences of their negligence, but only those consequences that are *probable* according to ordinary and usual experience. [Citation omitted.]"

The *Hale* court also explained "that proximate cause is ordinarily a question of fact that is reserved for the trier of fact." 287 Kan. at 324. It is only "when all the evidence on which a party relies is undisputed and susceptible of only one inference" that

8

"the question of proximate cause becomes a question of law" that the court can remove from the jury's consideration. 287 Kan. at 324.

With regard to the plaintiff's burden to prove causation, Kansas courts have found useful the following summary set forth in Prosser and Keeton on Torts § 41, pp. 269-70 (5th ed. 1984):

> "The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant. Where the conclusion is not one within common knowledge, expert testimony may provide a sufficient basis for it, but in the absence of such testimony it may not be drawn. . . .
>
> "The plaintiff is not, however, required to prove the case beyond a reasonable doubt. The plaintiff need not [negate] entirely the possibility that the defendant's conduct was not a cause, and it is enough to introduce evidence from which reasonable persons may conclude that it is more probable that the event was caused by the defendant than that it was not. The fact of causation is incapable of mathematical proof, since no one can say with absolute certainty what would have occurred if the defendant had acted otherwise. Proof of what we call the relation of cause and effect, that of necessary antecedent and inevitable consequence, can be nothing more than 'the projection of our habit of expecting certain consequents to follow certain antecedents merely because we had observed these sequences on previous occasions.' If as a matter of ordinary experience a particular act or omission might be expected, under the circumstances, to produce a particular result, and that result in fact has followed, the conclusion may be permissible that the causal relation exists."

See *Kuxhausen v. Tillman Partners*, 291 Kan. 314, 320, 241 P.3d 75 (2010); *Yount v. Deibert*, 282 Kan. 619, 628-31, 147 P.3d 1065 (2006); *Baker v. City of Garden City*, 240 Kan. 554, 559, 731 P.2d 278 (1987); *Edwards v. Anderson Engineering, Inc.*, 45 Kan. App. 2d 735, 740, 251 P.3d 660 (2011). Likewise, the pattern jury instruction requires a

plaintiff to prove that it is "more probably true than not true" that the defendant's conduct caused the plaintiff's injuries. PIK Civ. 4th 106.01 ("The plaintiff's burden of proof:  The plaintiff has the burden to prove that (his) (her) claims are more probably true than not true.").

Given the applicable burden of proof and the factual proffer made by Patterson (without considering the medical records or bills), the question presented is whether Patterson proffered sufficient evidence to afford a reasonable basis for a jury to conclude that it was *more likely than not* that the car wreck with Cloud caused the injuries for which she needed medical treatment. The district court entered judgment in favor of Cloud because Patterson failed to present expert medical testimony on the causation issue.

Expert testimony regarding personal injuries may be necessary in some cases. *Nunez v. Wilson*, 211 Kan. 443, 447, 507 P.2d 329 (1973). Expert opinion testimony is generally admissible if it aids the jury with unfamiliar subjects or interpreting technical facts or if it assists the jury in arriving at a reasonable factual conclusion from the evidence. See *State v. Gaona*, 293 Kan. 930, 948, 270 P.3d 1165 (2012); see also *Sharples v. Roberts*, 249 Kan. 286, 296, 816 P.2d 390 (1991) (expert medical testimony is ordinarily required in medical malpractice cases to establish causal connection between plaintiff's injuries and defendant's negligence). But expert testimony is unnecessary if the normal experience and qualifications of jurors allows them to draw proper conclusions from the provided facts and circumstances. See *Schlaikjer v. Kaplan*, 296 Kan. 456, 464, 293 P.3d 155 (2013). "[T]he well-established test for determining whether expert testimony is required is whether the subject matter is too complex to fall within the common knowledge of the jury and is 'beyond the capability of a lay person to decide.'" *Williamson v. Amrani*, 283 Kan. 227, 245, 152 P.3d 60 (2007), *superseded by statute on other grounds as stated in Kelly v. VinZant*, 287 Kan. 509, 520-22, 197 P.3d 803 (2008).

The district court held that Patterson's previous injuries make deciding the issue of fact for trial (whether it is more likely than not that the current wreck caused the injuries alleged here) too complex to fit within the common knowledge of the jury and therefore beyond the capability of a lay person to decide without expert testimony. Whether an expert was necessary to testify in this case to distinguish between previous injuries and new injuries is a very close call. But even if the district court erred in ruling that Patterson could not proceed without expert testimony, a reversal of the court's ruling on this issue would bring us to the next question presented by the parties: whether the medical records and the medical bills are admissible. Citing relevancy and hearsay rules, Cloud argues they are not admissible. Although Patterson disagrees, she failed to include either the medical records or the medical bills in the record on appeal. It is well settled that the burden is on a party to designate a record sufficient to present its points to the appellate court and to establish its claims; without such a record, the claim of error fails. See *Freidman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013); *Romkes v. University of Kansas*, 49 Kan. App. 2d 871, 886, 317 P.3d 124 (2014); *Bohanon v. Werholtz*, 46 Kan. App. 2d 9, 15, 257 P.3d 1239 (2011).

Because the record on appeal lacks sufficient evidence upon which we can grant the relief requested, we affirm the decision of the district court.

Affirmed.

11