No. 97,232

MARY A. HALE, *Appellant*, v. JUDY K. BROWN, *Defendant*, JASON R. PACKARD and TOPEKA ELECTRIC CONSTRUCTION, INC., a Kansas Corporation, *Appellees.*

(197 P.3d 438)

Opinion filed December 5, 2008.

*Paul D. Post*, of Topeka, argued the cause and was on the brief for appellant.

*Gregory S. Young*, of Hinkle Elkouri Law Firm L.L.C., of Wichita, argued the cause and was on the brief for appellees Jason R. Packard and Topeka Electric Construction, Inc.

The opinion of the court was delivered by

ROSEN, J.: This personal injury case comes before the court on review of a decision by the Court of Appeals. The appellant, Mary A. Hale, seeks review of an opinion holding that the proximate cause doctrine bars her tort action against a driver involved in a one-car accident when another car ran into her car after she slowed down at the scene of the one-car accident. We find as a matter of law that, under the facts of this case, the driver involved in the one-car accident did not proximately cause the succeeding rear-end collision and is therefore not liable for that accident.

Because the district court has granted a motion to dismiss Hale's claim prior to submission of evidence, the appellate court must accept the facts alleged by plaintiff as true, along with any inferences that can be reasonably drawn therefrom. See *Nungesser v. Bryant*, 283 Kan. 550, 559, 153 P.3d 1277 (2007).

## FACTS

On November 17, 2003, Jason R. Packard, an employee of Topeka Electric Construction, Inc., was driving east on I-470 in Topeka, Kansas, when he began to feel lightheaded. He lost consciousness and drove his truck into a tree near the Gage Boulevard off-ramp. Traffic on I-470 became congested as a result of the accident.

About 35 minutes later, Hale was also driving east on I-470. She noticed that traffic was slowing down, and she also slowed down and then stopped. Judy Brown was driving behind Hale and collided with the rear of Hale's stopped car. Hale sustained physical injuries from the collision.

Hale filed a petition seeking damages for negligence against Brown, Packard, and Topeka Electric Construction. Hale settled her claims against Brown. The district court granted Packard and Topeka Electric Construction's motion to dismiss for lack of proximate cause. Hale took a timely appeal.

In *Hale v. Brown*, 38 Kan. App. 2d 495, 167 P.3d 362 (2007), the Court of Appeals affirmed the judgment of the district court. This court granted the appellant's petition for review.

## ANALYSIS

Hale asks this court to address two intertwined questions. She contends that the adoption of comparative negligence in Kansas renders it unnecessary to determine whether a party's negligence was the proximate cause of injuries to a plaintiff, and the legal proceeding instead determines the percentage of causation attributable to the various parties. She also contends that this allocation of causation is a factual matter for the jury, not a legal matter for the court to decide.

The well-reasoned opinion of the Court of Appeals is thorough in its discussion of the development of proximate cause in light of the adoption of comparative negligence and the Restatement (Third) of Torts. The proximate cause of an injury is the cause that in a natural and continuous sequence, unbroken by any superceding cause, both produced the injury and was necessary for the injury. The injury must be the natural and probable consequence of the wrongful act. *Yount v. Deibert*, 282 Kan. 619, 624-25, 147 P.3d 1065 (2006). Individuals are not responsible for all *possible* consequences of their negligence, but only those consequences that are *probable* according to ordinary and usual experience. *Aguirre v. Adams*, 15 Kan. App. 2d 470, 472, 809 P.2d 8 (1991).

We review a district court's decision granting a motion to dismiss under a de novo standard of review. *Wachter Management Co. v. Dexter & Chaney, Inc.*, 282 Kan. 365, 368, 144 P.3d 747 (2006). When the district court has granted a motion to dismiss, this court must assume the truth of the facts alleged by the plaintiff, along with any inferences that can reasonably be drawn from those facts. This court will then decide whether those facts and inferences state a claim under any possible theory. *Jones v. State*, 279 Kan. 364, 366, 109 P.3d 1166 (2005).

In order to establish a negligence claim, the plaintiff must establish the existence of a duty, a breach of that duty, an injury, and proximate cause, which means a causal connection between the duty breached and the injury. *D.W. v. Bliss*, 279 Kan. 726, 734, 112 P.3d 232 (2005).

Hale contends that this court has modified, or should modify, the proximate cause element of a negligence cause of action. She asks this court to hold that the requirement that a tortious act include the element of proximate cause be rejected or that the court act to reject the definition of proximate cause set out in *Yount* and a myriad of prior cases, and proposes instead that the rule should be whether "the risk of harm is reasonably foreseeable." See *Reynolds v. Kansas Dept. of Transportation*, 273 Kan. 261, 269, 43 P.3d 799 (2002); *Nero v. Kansas State University*, 253 Kan. 567, 583, 861 P.2d 768 (1993). These cases may suggest that with the adoption of comparative fault, Kansas has "moved beyond the

concept of proximate cause in negligence," *Reynolds*, 273 Kan. at 269, and adopted a different, less demanding set of elements in negligence actions.

This court has continued, however, to adhere to the common-law requirement of proximate cause. In *Deal v. Bowman*, 286 Kan. 853, 188 P.3d 941, 946 (2008), the court reiterated that the plaintiff must prove that " 'the negligent act or acts of the party against whom recovery is sought [were] the proximate cause of the injury and damage.' " In *Esquivel v. Watters*, 286 Kan. 292, 296, 183 P.3d 847 (2008), the court retained proximate cause as an element of medical negligence actions. And this court recognized a require-ment of proving proximate cause in the years following *Reynolds*. See, *e.g.*, *Yount*, 282 Kan. at 624-25; *Bliss*, 279 Kan. at 734.

What is more, the *Reynolds* court did not reject proximate cause out of hand. The court instead noted that "[p]roximate cause is not an obsolete concept in Kansas law." 273 Kan. at 268. "Intervening and superseding causes, which cut off liability for earlier negli-gence, are still recognized in extraordinary cases." 273 Kan. at 269.

Furthermore, our legislature has continued to recognize proxi-mate cause as an element of negligence actions. In addressing the effects of traffic speed limits on civil actions, the legislature has declared: "The provisions of this article declaring maximum speed limitations shall not be construed to relieve the plaintiff in any action from the burden of proving negligence on the part of the defendant as the proximate cause of an accident." K.S.A. 8-1564(b). In addressing liability for actions by government entities or employees, the legislature has provided that an entity or em-ployee shall not be liable for "any claim for injuries resulting from the use of any public property . . . unless the governmental entity or an employee thereof is guilty of gross and wanton negligence proximately causing such injury." K.S.A. 2007 Supp. 75-6104(o).

The appellant asks this court to jettison the traditional concept of proximate cause and replace it with a requirement that a plaintiff be able to prove that injury resulting from the defendant's conduct was foreseeable and that the defendant's conduct contributed to the injury. As the Court of Appeals noted, such an expansive cau-sation element would greatly increase the number of potential de-

fendants in negligence actions and the concomitant costs of litigation. A revision of the rule would also bring our case law into conflict with the statutes mentioned above.

The Court of Appeals correctly resolved the issue of intervening events and viability of proximate cause.

The appellant notes that proximate cause is ordinarily a question of fact that is reserved for the trier of fact. *Cullip v. Domann*, 266 Kan. 550, 556, 972 P.2d 776 (1999). Under comparative fault, the appellant reasons, any contribution to the plaintiff's injuries should be left for the jury to calculate as a percentage of overall fault.

This court has recognized, however, that when all the evidence on which a party relies is undisputed and susceptible of only one inference, the question of proximate cause becomes a question of law. *Cullip*, 266 Kan. at 556. In the present case, the trial court decided the case on a motion to dismiss prior to the introduction of evidence, and this court must accept the facts alleged by plaintiff as true, along with any inferences that can be reasonably drawn therefrom. See *Nungesser v. Bryant*, 283 Kan. at 559.

Because in considering proximate cause we retain the principle that an intervening cause component breaks the connection between the initial negligent act and the harm caused, the second issue does not favor the appellant. Assuming the facts to be true as alleged, the length of time between the first and second accidents and the intervening negligent act on the part of Brown were appropriate factors for the district court to consider in determining whether proximate cause existed as a matter of law. The court then properly considered and ruled as a matter of law that Packard's driving was not the proximate cause of Hale's accident. A review of the factual allegations confirms the district court's legal conclusion that the passage of time and Brown's negligence interrupted the continuing chain of causality from Packard's asserted negligence to Hale's accident.

The judgment of the Court of Appeals affirming the district court is affirmed. The thorough, well-reasoned judgment of the district court is affirmed.