IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,890

PAMELA HEIMERMAN, Individually, as Surviving Spouse
and Heir At Law of DANIEL JOSEPH HEIMERMAN, Deceased,
*Appellant*,

v.

ZACHARY ROSE and PAYLESS CONCRETE PRODUCTS, INC.,
*Appellees*,

and

NORTHERN CLEARING, INC. and OLD REPUBLIC INS. CO.,
*Intervenors/Appellees*.

SYLLABUS BY THE COURT

An heir who settles a wrongful death claim in a federal court lawsuit may not seek categorization of the damages recovered in a separate state court wrongful death action. Doing so violates the one-action rule.

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 13, 2017. Appeal from Allen District Court; DANIEL D. CREITZ, judge. Opinion filed April 6, 2018. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Scott J. Mann*, of Mann, Wyatt & Rice, LLC, of Hutchinson, argued the cause, and *Jesse Tanksley*, was with him on the briefs for appellant.

*Kyle P. Sollars*, of Evans & Dixon, LLC, of Kansas City, Missouri, argued the cause, and *Brian J. Fowler*, of the same office, was with him on the briefs for intervenors/appellees.

1

The opinion of the court was delivered by

BEIER, J.: Daniel Heimerman was killed in a car accident while acting within the course and scope of his employment. As a result, Daniel's wife, Pamela, received workers compensation death benefits. By operation of law, an employer who pays workers compensation benefits receives subrogation rights and a statutory lien against any third-party recovery by the recipients of the workers compensation benefits.

Pamela participated in two wrongful death cases stemming from Daniel's death, both of which were based on the Kansas wrongful death statute. She personally filed a state court action in Allen County, and she joined a federal action filed by Daniel's son, Lucas, in the United States District Court of Kansas. Pamela and Lucas eventually settled their wrongful death claims with the third-party tortfeasors. The federal court approved the settlement and its apportionment between Pamela and Lucas and entered a journal entry of judgment. After the federal case concluded, Pamela moved the Allen County court to rule that her share of the federal settlement was attributable to her damages for loss of consortium and loss of spousal services, which are damages statutorily exempt from the workers compensation lien. The district court judge denied Pamela's motion and dismissed the case, ruling that doing otherwise would be equivalent to relitigating the federal court's judgment.

A panel of our Court of Appeals affirmed the dismissal. See *Heimerman v. Rose*, No. 114,890, 2017 WL 130123, at *1 (Kan. App. 2017) (unpublished opinion).

We granted Pamela's petition for review. We affirm the Court of Appeals' decision affirming the district court for reasons other than those relied upon by our appellate colleagues.

2

ADDITIONAL FACTUAL AND PROCEDURAL BACKGROUND

On August 31, 2013, a dumptruck driven by Zachary Rose rear-ended a pickup Daniel was driving and killed him. At the time of the accident, Rose was acting within the course and scope of his employment for Payless Concrete Products, Inc.; and Daniel was acting within the course and scope of his employment for Northern Clearing, Inc.

Daniel was survived by Pamela and Lucas.

The collision resulted in multiple lawsuits and a workers compensation case being filed. Of relevance to this case, Pamela filed a wrongful death case in Allen County and Lucas, a resident of Florida, filed a wrongful death case in Kansas federal court. Pamela eventually intervened in the federal case. Rose and Payless Concrete were defendants in both actions.

In addition to the lawsuits, Pamela was the recipient of a workers compensation award based on Daniel's death. She was paid a lump sum of $40,000 and burial expenses of $5,000, and she began receiving a weekly benefit of $578 to be continued for the remainder of her life, not to exceed a total of $300,000. By operation of law, Northern Clearing and its insurer, Old Republic Insurance Co., retained subrogation rights and a lien against any third-party recovery that Pamela might receive because of Daniel's death. See K.S.A. 44-504(b).

In federal court in September 2013, Lucas sought "all damages which are available under the Kansas Wrongful Death Act . . . and punitive damages due to the willful, wanton and reckless actions of defendant Rose."

3

In Pamela's state case, filed the following month, she claimed that Rose's negligence caused damages,

> "including but not limited to, bereavement, mental anguish, pain and suffering, loss of services, loss of income, loss of companionship, loss of guidance and loss of society, damages enumerated under Kansas law in *Wentling v. Medical Anesthesia Services*, 237 Kan. 503 (1985), and [that she had] incurred expenses for medical service costs and funeral arrangements."

After Pamela intervened in federal court, District Magistrate Judge James P. O'Hara entered a Pretrial Order outlining the parties' claims. The order noted that Lucas and Pamela claimed compensatory damages under Kansas' wrongful death statute. Specifically, Pamela claimed:

| | |
|---|---|
| Medical expense | $8,360.91 |
| Funeral expense | $4,134.63 |
| Lost wages–Carl's Bar | $284,000 |
| Lost wages–Northern [C]learing | $768,000 |
| Lost household services | $84,000 |
| Loss of marital care, attention, advice, and counsel, i.e., *Wentling* economic damages | $250,000 |
| Noneconomic loss | $250,000 |

The total of these claims was $1,648,495.54.

For his part, Lucas claimed $5 million in damages, split equally between *Wentling* economic damages and noneconomic damages.

4

Within weeks of the filing of the federal Pretrial Order, Pamela filed a "Motion for Approval of Settlement and Apportionment Between Surviving Heirs" in the state case. She attached a copy of a handwritten settlement agreement. Under the settlement, the defendants agreed to settle with Pamela and Lucas for a lump sum of $400,000, plus another $50,000 to be paid in three equal annual payments. The settlement resolved only the amounts defendants agreed to pay; it did not attempt to categorize any party's damages by specific type.

Lucas then filed a motion to dismiss the state case. In the motion, Lucas argued that Pamela's state case violated the one-action rule. In his view, his previous federal action deprived the Kansas court of subject matter jurisdiction.

In February 2015, District Judge Carlos Murguia of the federal District Court of Kansas approved the settlement agreement and filed a Journal Entry of Judgment. According to the Journal Entry, after deduction of costs, expenses, and attorney fees, $287,374.44 would be split between Pamela and Lucas, 90 percent to Pamela and the remainder to Lucas. The Journal Entry contained an explicit prohibition of any further wrongful death suit against the defendants. It also stated: "Pamela Heimerman and her attorney shall satisfy any and all valid liens, including the worker's compensation lien pursuant to K.S.A. 44-504." The judgment did not categorize Pamela's types of damages.

Northern Clearing and Old Republic filed a motion to intervene in the state case the following summer, and Pamela filed a "Motion to Apportion Net Settlement Monies and Determine the Validity of the Workers Compensation Lien Pursuant to K.S.A. 44-504(b)" in that case. Pamela argued that her share of the federal settlement was based on her claims of loss of consortium and loss of spousal services and therefore exempt from the statutory right of subrogation and lien.

Northern Clearing and Old Republic filed a "Motion to Dismiss and/or Stay" in state court, asserting that they had filed an "Application for Review and Modification of the Award" with the Division of Workers Compensation and arguing that the Division of Workers Compensation was the proper venue in which to determine the scope of application of the lien against the proceeds of the "underlying action."

Chief District Judge Daniel D. Creitz of Allen County ultimately granted the Motion to Dismiss and rejected Pamela's Motion to Apportion as moot. He first commented on the provisions included—and not included—in federal District Judge Murguia's Journal Entry:

> "The journal entry of judgment provided that [Lucas] Heimerman is the only surviving heir of law of Daniel Heimerman. It provided that [Pamela] is the surviving spouse and heir of law of Daniel Heimerman. It provided that there were no other heirs. It provided in paragraph 14 that in mediation the parties, 'reached a compromise and settlement of all claims arising from the accident for the policy limit payment of $500,000. . . . and other consideration and from the settlement Pamela Heimerman and Lucas Heimerman agreed to apportionment and compromise settlement in the amount of $450,000.' The Court approved costs and expenses. The Court approved the attorney fees. The Court found that after the deduction of expenses and attorney fees that [Lucas] and [Pamela] were to receive $287,374.44. The order further provided that that money would be split with [Pamela] receiving 90% and [Lucas] receiving 10% of the proceeds. The settlement was found to be just, fair and equitable and was approved. In paragraph 23, it provides 'any further causes of action, claims, or lawsuits by any heirs, if any, defined by Kansas Law against these Defendants for wrongful death of Dan Heimerman, arising out of the aforementioned accident, are forever barred, and the Plaintiffs are ordered to execute a release in favor of the Defendants.' In paragraph 24, it provides 'that [Pamela] and her attorney shall satisfy any and all valid liens including workers' compensation liens pursuant to K.S.A. 44-505.' *There is no specific language in the federal court's order reserving or authorizing another court to decide or rule upon any liens or claims, or loss of consortium.*" (Emphasis added.)

6

Judge Creitz noted that K.S.A. 60-1902 "allows only one wrongful death action to be filed, but also allows heirs to be joined." He acknowledged Kansas caselaw holding that the wrongful death statute "creates one statutory cause of action and that a negligent wrongdoer can be compelled to answer but once for a single wrongful death." Although Pamela wanted the state court to categorize the federal settlement proceeds and determine the validity of the lien, Judge Creitz held that the one-action rule barred him from doing so.

> "The federal court made no finding that [Pamela] suffered any loss of consortium [or] services as the result of the death of her husband. She had the opportunity to do so in federal court. She chose not to. In essence here, despite [Pamela's] claims to the contrary, by requesting apportionment she is asking this Court to amend the federal court's order. . . . [T]he federal settlement does not provide that it is for loss of consortium. There is no language reserving or allowing another court, this court, to apportion the damages for loss of consortium."

After an unsuccessful motion for reconsideration of Judge Creitz' ruling, Pamela appealed to the Court of Appeals, which affirmed. *Heimerman*, 2017 WL 130123, at *1.

The panel rejected Pamela's argument that there had never been any determination of whether Northern Clearing's lien was valid as "purely an exercise in semantics" and "inconsistent with the [federal Journal Entry's] plain language." 2017 WL 130123, at *2. Based on Pamela's representation to the federal court, she had acknowledged the statutory workers compensation lien and that she would satisfy the lien. According to the panel, the "only question was the value of the lien." 2017 WL 130123, at *3. "At best," Pamela invited the error. 2017 WL 130123, at *3. Citing *Ballard v. Dondlinger & Sons Const. Co.*, 51 Kan. App. 2d 855, 868, 355 P.3d 707 (2015), the panel held that "there can be no

dispute Northern had a valid lien" as a matter of law. *Heimerman*, 2017 WL 130123, at *3.

Turning to Pamela's proposed construction of K.S.A. 44-504, demanding categorization of her damages by Judge Creitz, the panel concluded that it would lead to an unreasonable result. Pamela argued, "'There is no reason that the same court that serves as the venue for a plaintiff's civil action against a defendant must be the same court and venue for any lien disputes that arise from the recovery." 2017 WL 130123, at *4. According to the panel, "K.S.A. 44-504(b) provides the court that determined the third-party's liability should also be the court that determines the type of damages the injured employee suffered since it grants the workers compensation lienholder the right to notice of the action and standing to intervene." 2017 WL 130123, at *4. In contrast, Pamela's construction "opens the door for an entirely different court to reopen, relitigate, and amend the judgment of the court from which recovery was obtained, where the claim at issue is legally and factually distinct and between different parties." 2017 WL 130123, at *4. Ultimately, the panel wrote, Pamela's "request violates the rule of comity." 2017 WL 130123, at *4.

We granted Pamela's petition for review.

DISCUSSION

This court reviews a district court's decision granting a motion to dismiss under a de novo standard. *Hale v. Brown*, 287 Kan. 320, 322, 197 P.3d 438 (2008). Moreover, to the extent resolution of this case requires statutory interpretation, issues of statutory interpretation and construction raise questions of law reviewable de novo on appeal. *In re A.M.M.-H.*, 300 Kan. 532, 535, 331 P.3d 775 (2014).

8

The parties frame the issue before us as whether a court other than the one that approved the settlement may categorize the type of damages. Specifically, Pamela takes the position that, before the lien can be enforced, there must be an explicit court determination of whether her recovery included damages for loss of consortium or loss of spousal services. Because the federal court did not explicitly rule on that question in its Journal Entry of Judgment, Pamela argues that the Kansas district court is the proper court to do so.

K.S.A. 2016 Supp. 60-1901(a) authorizes the Kansas wrongful death cause of action. It provides,

> "If the death of a person is caused by the wrongful act or omission of another, an action may be maintained for the damages resulting therefrom if the former might have maintained the action had such person lived, in accordance with the provisions of this article, against the wrongdoer, or such wrongdoer's personal representative if such wrongdoer is deceased."

K.S.A. 60-1902 allows an action created by K.S.A. 2016 Supp. 60-1901 to be "commenced by any one of the heirs at law of the deceased who has sustained a loss by reason of the death." The action "shall be for the exclusive benefit of all of the heirs who ha[ve] sustained a loss regardless of whether they all join or intervene therein." And "only one action may be brought in the sense that a negligent wrongdoer can be compelled to answer but once for a single wrongful death." *Johnson v. McArthur*, 226 Kan. 128, Syl. ¶ 1, 596 P.2d 148 (1979).

Dependent heirs of a person killed while in the course and scope of the person's employment also may recover under the Kansas Workers Compensation Act. A dependent spouse or wholly dependent child may be entitled to an initial lump-sum

9

payment and then periodic compensation based on a percentage of the decedent's wages. See K.S.A. 2016 Supp. 44-510b

In situations in which a person is killed while in the course and scope of his or her employment, some heirs may recover under both a wrongful death tort theory and the Workers Compensation Act. Indeed, Kansas workers compensation law expressly permits a person who has recovered workers compensation benefits to file a tort action against a third-party tortfeasor. K.S.A. 44-504. But because such a situation presents the potential for double recovery of specific types of damages, the legislature has acted to prevent a windfall.

K.S.A. 44-504, the statute at issue in this case, gives an injured worker or a deceased worker's dependents "the right to take compensation under the workers compensation act and pursue a remedy by proper action in a court of competent jurisdiction." But, in the event of a recovery from a third party,

> "the employer shall be subrogated to the extent of the compensation and medical aid provided by the employer to the date of such recovery and shall have a lien therefor against the entire amount of such recovery, *excluding any recovery, or portion thereof, determined by a court to be loss of consortium or loss of services to a spouse.*" (Emphasis added.) K.S.A. 44-504(b).

This court has recognized that "[t]he intent of K.S.A. 44-504(b) is twofold: (1) to preserve injured workers claims against third-party tortfeasors and (2) to prevent double recoveries by injured workers." *Wishon v. Cossman*, 268 Kan. 99, 105, 991 P.2d 415 (1999). "K.S.A. 44-504(b) grants employers subrogation liens on tort recoveries by injured workers only to the extent that a worker's recovery duplicates compensation and medical expenses paid by the employer under the Workers Compensation Act." 268 Kan. at 105-06.

10

Although the parties ask us to resolve whether Pamela was required to have the federal court categorize her damages, we do not need to reach that question to resolve this case. Kansas law makes it clear that only one cause of action may be maintained based on the wrongful death of one person. For the claims stemming from the death of Daniel, that singular cause of action became the case filed in the United States District Court of Kansas once Judge Murguia entered judgment approving the parties' settlement agreement. There was no longer a case or controversy underlying Pamela's wrongful death action in Allen County, and it was proper for Judge Creitz to dismiss the case.

That being said, both parties are free to fight another day on the continuing vitality or lack of vitality of all of their other arguments, including but not limited to issue preclusion, res judicata, and comity. The fact we hold today that the state court wrongful death action was not the proper vehicle for the categorization Pamela seeks is not intended to and does not necessarily and absolutely foreclose the possibility of presenting the question in another action or another forum. We take no position today on whether it is possible or would be meritorious on any other legal ground. And we do not reach or take a position on the alternative rationales relied on by the Court of Appeals.

CONCLUSION

For all of the reasons set forth above, we affirm the district court's dismissal of the wrongful death suit and the Court of Appeals panel's decision upholding it.